IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL ACTION NO. 4:16-CR-00146- |
| | § ALM-BD |
| MATTHEW LESTER BROWN | § |
| (1) | § |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Matthew Brown's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on September 16, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Bradley Bisosky.

Defendant was sentenced on June 20, 2017, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guidelines imprisonment range, based on a total offense level of 23 and a criminal history category of IV, was 70 to 87 months. Defendant was subsequently sentenced to 70 months imprisonment followed by 3 years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, a program of testing and treatment for drug abuse, and mental health treatment. On December 3, 2024, Defendant completed his period of imprisonment and began service of the supervision term. (Dkt. #67, Sealed).

On June 24, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #64, Sealed). The petition asserts that Defendant

violated five (5) conditions of Supervision, as follows: (1) <u>Mandatory Condition</u> Defendant shall refrain from any unlawful use of a controlled substance; (2) <u>Standard Condition</u> After reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer, and Defendant must report to the probation officer as instructed; (3) <u>Standard Condition</u> Defendant must live at a place approved by the Probation officer. If Defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (4) <u>Special Condition</u> Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; (5) <u>Special Condition</u> Defendant must participate in a combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. (Dkt. # 64, at pp. 1–2, Sealed).

    The Petition alleged that Defendant committed the following acts: (1) On December 9, 2024, Defendant appeared at the U.S. Probation Office in Plano, Texas, for his initial interview. He submitted a urine specimen that tested positive for methamphetamine, cocaine, and marijuana. A laboratory report provided by Alere Toxicology confirmed the test results. On February 7, 2025, Defendant appeared at the U.S. Probation Office in Plano, Texas, for random drug testing. He

submitted a urine specimen that tested positive for cocaine. A laboratory report from Alere Toxicology confirmed the test results. On June 13, 2025, Mr. Brown appeared at the U.S. Probation Office in Plano, Texas, and submitted a urine specimen that tested positive for marijuana and cocaine. A laboratory report from Alere Toxicology confirmed the test results. (2) Defendant failed to submit monthly supervision reports for the months of January through June 5, 2025. (3) On or about May 1, 2025, Defendant moved from an approved residence in Seagoville, Texas, and failed to notify his officer of his change in residence within 10 days or 72 hours, as required. (4) On February 13, 2025, Defendant was referred to Fletcher Counseling in Plano, Texas, for a substance abuse evaluation. Defendant failed to make himself available and was unsuccessfully discharged on June 11, 2025. Defendant failed to appear for drug testing at the U.S. Probation Office in Plano, Texas, on February 18, May 12, and June 9, 2025. (5) On February 13, 2025, Defendant was referred to Fletcher Counseling in Plano, Texas, for a mental health evaluation. Defendant failed to make himself available and was unsuccessfully discharged on June 11, 2025.

Prior to the Government putting on its case at the final revocation hearing, and after consenting to the undersigned's taking the plea, Defendant admitted as true the allegations as set forth in the Petition. Based upon Defendant's plea of true, the court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's Petition. Counsel announced the parties had agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of thirteen (13) months with no term of supervised release to

follow.

The court further recommends that Defendant be housed in a Bureau of Prisons facility in the Seagoville, Texas area, if appropriate.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

SIGNED this the 17th day of September, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE